UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER ALFRED PEREZ #230341,

    Plaintiff,                                            Hon. Jane M. Beckering

v.                                                               Case No. 1:23-cv-444

MIRELA KECALOVIC, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    This matter is before me on Defendants' Motion for Summary Judgment on the Basis of Exhaustion. (ECF No. 25.) The motion is fully briefed and ready for decision. Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the motion be **granted** and that Plaintiff's remaining claims be **dismissed without prejudice**.

**I. Background**

    Plaintiff, a prisoner currently incarcerated with the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983 on May 1, 2023, against Defendants Mirela Kecalovic, Unknown Waber, C. Bant, and Unknown Killough based on events that occurred while he was incarcerated at the Richard A. Handlon Correctional Facility (MTU) during 2023. Following initial review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e(c), Plaintiff's remaining claims are his First Amendment claims against Defendants Kecalovic, Waber, and Killough based on the rejection of his "Autabuy" magazine subscription that his family gave him for Christmas in 2022 and his Fourteenth Amendment due process claim against Defendant Waber for failure to

1

hold a hearing in connection with the rejection of his magazine subscription. (ECF Nos. 16 and 17.)

Plaintiff alleges that his family gave him a subscription to "Autabuy" magazine for Christmas 2022. (ECF No. 1 at PageID.3.) He alleges that he received his first magazine in March 2023, but the following month he was told that he could no longer get the magazine. Although he was told that he could not receive the magazine in April, he was permitted to receive the May 2023 edition of the magazine. (*Id.*) Plaintiff contends that he should have been permitted to receive the magazine under the relevant MDOC policy. (*Id.*) Plaintiff alleges that, contrary to Defendant Waber's assertion that she held a hearing about the rejection, Defendant Waber did not actually hold a hearing at which Plaintiff was present and permitted to challenge the mail rejection. (*Id.*)

Defendants seek summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies before filing his complaint in this action.

## II. Motion Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

2

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001)). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### III. Discussion

Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit with respect to prison conditions under 42 U.S.C. § 1983. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA," which the defendant bears the burden of establishing. *Id*. With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion," defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to

3

>   comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 sets forth the applicable grievance procedure for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue is believed to fall within the jurisdiction of Internal Affairs." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ Q (effective 03/18/2019). If this attempt is unsuccessful (or is inapplicable), the prisoner may submit a Step I grievance. *Id.* The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff. *Id.* The issues asserted in a grievance "should be stated briefly but concisely," and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ S.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ DD. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶ HH. The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.*

In support of their motion, Defendants submit a Step III Grievance Report dated July 19, 2023, which shows the grievances arising out of MTU during the period of time at issue that Plaintiff exhausted through Step III. (ECF No. 26-3.) Defendants note that the report shows that, prior to the time Plaintiff filed his complaint, he had not exhausted any grievance through Step III

4

for which the Step I grievance was filed in or after March 2023. (*Id.* at PageID.132.) In fact, the report shows that the most recent Step I grievance Plaintiff filed was received on February 3, 2023, more than one month prior to the events giving rise to Plaintiff's claims. (*Id.*)

In his response, Plaintiff asserts that "[he] did file [his] Step 1-2-3 grievances." (ECF No. 29 at PageID.137.) Plaintiff attached to his complaint grievance documents for Grievance No. MTU-23-03-203-15A (the 203 Grievance). Those documents show that Plaintiff pursued the 203 Grievance through Steps I and II. (ECF No. 1-1 at PageID.10–12.) Plaintiff claims in his response that he sent his Step III appeal out "I.D. mail" at the direction of an unidentified Resident Unit Manager but he never received a response to his appeal. (ECF No. 29.) As Defendants note, however, Plaintiff simply relies on his own conclusory statement and fails to present any evidence that he actually submitted his Step III appeal to the MDOC. Plaintiff would have been required to complete his Step III appeal on his Step II appeal form, but that section is blank. (ECF No. 1-1 at PageID.12.) Plaintiff presents nothing showing the date on which he filed the alleged Step III appeal or what the appeal alleged.

As courts recognize, vague and unspecific statements by a prisoner that he attempted to exhaust his administrative remedies are insufficient to create a genuine dispute of fact on the question of exhaustion. *See, e.g., Belser v. James*, No. 16-2578, 2017 WL 5479595 at *2 (6th Cir. June 6, 2017) (stating that "Belser's generalized statements are insufficient to create a genuine dispute of material fact as to whether the administrative process was available to him at MBP"); *Smith v. Brock*, No. 1:22-cv-149, 2023 WL 3871923 at *5 (W.D. Mich. Mar. 16, 2023), *report and recommendation adopted*, 2023 WL 3611730 (W.D. Mich. May 24, 2023) (prisoner's vague allegation that prison officials "destroyed" his grievances is insufficient to create a factual dispute where the prisoner "does not state when he wrote the grievances, nor does he provide any

5

information as to what they concerned"). Simply put, Plaintiff's vague, conclusory allegations that he filed a Step III appeal are insufficient to create a genuine factual dispute on the issue of exhaustion.

Accordingly, Defendants have met their summary judgment burden of demonstrating that Plaintiff failed to exhaust his available remedies.

### IV.   Conclusion

For the foregoing reasons, I recommend that the Court **grant** Defendants' motion (ECF No. 25), **dismiss** Plaintiff's remaining claims **without prejudice**, and close the case.

Dated: September 9, 2024                                    /s/ Sally J. Berens
                                                            SALLY J. BERENS
                                                            U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).